UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MILLICENT L. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CV-219 |
| | ) | |
| ORITE HOTELS OF INDIANA, INC., | ) | |
| *doing business as* Quality Hotel, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Re-Open Case to Enforce Settlement Agreement and for Attorney Fees and Costs by Plaintiff Millicent Parker (Docket # 21), as well as the Verified Motion to Withdraw Appearance by counsel for Defendant Orite Hotels of Indiana, Inc. (Docket # 27). The motions were addressed at a hearing on May 6, 2009, and the Court took the matters under advisement. (*See* Docket # 29.)

With respect to Plaintiff's motion to re-open the case, it is apparent that the Court lacks subject matter jurisdiction to enforce the settlement agreement. "Disputes about settlement contracts must be resolved in state court, unless they independently satisfy the requirements of federal jurisdiction." *Goulding Med. Prods. Holdings, Inc.*, 394 F.3d 466, 467-68 (7th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). This is because "[t]he breach of an agreement to settle a federal suit does not, despite its origin, arise under federal law unless the federal court has retained jurisdiction to enforce the terms of the settlement[.]" *Unelko Corp. v. Prestone Products Corp.*, 116 F.3d 237, 239 (7th Cir. 1997). In this instance, the Court has no independent basis for jurisdiction because there is no diversity of citizenship and the amount in controversy does not exceed $75,000 as required under 28 U.S.C.

§ 1332(a).  Moreover, the Court did not retain jurisdiction to enforce the agreement.  *See Lipman v. Dye*, 294 F.3d 17, 20 (1st Cir. 2002) (explaining that absent an independent basis for subject matter jurisdiction, the Court may retain jurisdiction to enforce a settlement agreement "by either including a provision explicitly retaining jurisdiction over the settlement agreement or by incorporating the terms of the settlement agreement in the court's order.").  Because the Court cannot enforce the settlement agreement, re-opening the case would serve no purpose.

Consequently, Plaintiff's motion to re-open the case (Docket # 21) is DENIED.  Furthermore, because the case will not be reopened, the motion by Defendant's counsel to withdraw their appearance (Docket # 27) is deemed MOOT.

SO ORDERED.

Enter for this 6th day of May, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge